| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>_____ | Hearing Date: July 29, 2015<br>Hearing Time: 10:00 am |
| In Re: | Chapter 13 |
|     Cristian Aldana, | Case No. 13-22945 (rdd) |
|               Debtor(s). | |

_____

**NOTICE OF APPLICATION BY DEBTOR'S COUNSEL
FOR COMPENSATION FOR NON-BASE LEGAL FEES**

PLEASE TAKE NOTICE that upon the annexed application of H. Bruce Bronson, Esq., a request will be made on July 29, at 10:00 a.m., or as soon thereafter as counsel can be heard before the Honorable Robert D. Drain, U.S. Bankruptcy Judge, at the U.S. Bankruptcy Court, Southern District of New York, 300 Quarropas, White Plains, NY for an allowance of attorney's fees for professional services rendered to the Debtor(s) incurred from February 22, 2015, through May 31, 2015, pursuant to §§ 327 and 503 of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the amount of $3,000 in non-base fees and expenses attributable to loss mitigation and lien voidance (Pond Motion).

Dated: Harrison, NY
June 18, 2015

                                                BRONSON LAW OFFICES, P.C.

                                                By: /s/ H. Bruce Bronson
                                                H. Bruce Bronson (HB 3263)
                                                Bronson Law Offices, P.C.
                                                480 Mamaroneck Ave
                                                Harrison, NY 10528
                                                Telephone: 877-385-7793
                                                Fax: 888-908-6906

| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 29, 2015 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 am |

_____

In Re:

    Cristian Aldana,

                               Debtor.

Chapter 13

Case No. 13-22945 (rdd)

_____

## APPLICATION BY DEBTOR'S COUNSEL
## FOR COMPENSATION FOR NON-BASE LEGAL FEES AND EXPENSES

    H. Bruce Bronson, Esq., an attorney duly admitted to practice law in the State of New York, owner of Bronson Law Offices, P.C. (the "Firm") respectfully moves the Court for approval of non-base legal fees of $3,000 and in connection herewith declares the following under penalty of perjury:

    1.    This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within the meaning of 28 U.S.C. § 157.

    2.    I am the attorney for Cristian Aldana (the "Debtor(s)") and as such am fully familiar with all the facts and circumstances herein.

    3.    This application is submitted for the purposes of securing compensation for additional non-base legal services rendered and fees incurred from February 22, 2013, through May 31, 2015, in the amount of $3,000, pursuant to Bankruptcy Rule 2016 and Sections 327 and 503 of the Bankruptcy Code.

### SERVICES RENDERED

    4.    On February 22, 2015, the Debtor(s) entered into a written agreement wherein they consented to retain my firm to represent them in a chapter 13 proceeding on a flat fee basis, wherein $1,500, of such fee was allocated to loss mitigation. **See Exhibit A – Retainer Agreement**. Time charges in addition to $1,500 for loss mitigation were to be charged at the Firm's hourly rates that were in effect at that time as set forth in the Retainer Agreement ($250 to $350 per hour for attorney time and $90 per hour for legal assistant time).

5. The retainer agreement also contemplated that the motion to avoid the lien of the second mortgage ("Pond Motion") would also be billed hourly. The Pond Motion was fairly uncomplicated however; loss mitigation was conducted over an extended period of time. During this period of time the servicer changed which required substantially more work since all documents had to be refiled and refreshed. The success of the loss mitigation depended upon the valuation of the property, the cooperation of the parties and the ability of counsel to work closely with lender's counsel to provide the necessary documents to obtain a mutually favorable result.

### FEE REQUEST

7. Our office performed actual and necessary services which were crucial to the effective representation of the Debtor(s). Further, the services that Firm performed were successful in that a second mortgage was voided in accordance with In re: Pond and a loan modification was finally obtained after more than a year of Firm working toward that goal.

7. Between February 22, 2015, and May 31, 2015 my firm devoted 24.64 hours of billable time for loss mitigation services at the hourly rate of &90.00 per hour for legal assistant and paralegal time;$250.00 per hour for associate attorney time and $350 per hour for my time, and incurred out of pocket expenses for mailing and postage. Additionally Firm spent 4.7 hours of time on the Pond Motion. **See Exhibit B – Billing Statement.** We have not billed for the preparation of this motion or the appearance required pursuant to this motion. Further we have deducted $1,500, which was included as part of the base fee for legal services for loan modification, as set forth on the Billing Statement. We have also reduced our bill from $4,914.85 to $3,000 in order to facilitate a successful Chapter 13 Plan.

9. No payments for any services rendered or to be rendered have heretofore been made or promised in connection with this case other than the pre-filing base retainer of $3,000 (plus $281 filing fee) paid by the Debtor to our office prior to filing. An additional $3,000 base fee is payable pursuant to the retainer (which is in addition to the amounts requested in this fee application).

10. Consideration of the factors set forth in Section 330(a) (3) (A) of the Code shows that the requested fee is appropriate. The services provided were necessary to the successful administration of the

case to date. There was no duplication of services. A review of the invoice shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed. The rate charged ($250.00 to $350.00 per hour) is no higher than that charged by other attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters, and no higher than rates charged to other clients of the undersigned law firm. In fact, the current rate for services is $275 to $375 per hour.

11. Courts frequently look to the "lodestar" formula in assessing attorneys' fees under 11 U.S.C. 330(a). *In re Brous*, 370 B.R. 563 (Bankr. S.D.N.Y., 2007). Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. *Id*. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *Id*., see also *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). In *Johnson v. Georgia Highway Express, Inc.*, the fifth Circuit Court of Appeals elucidated factors that could be used to adjust an attorney's fee:

    a. the time and labor required;

    b. the novelty and difficulty of the questions;

    c. the skill requisite to perform the legal service properly;

    d. the preclusion of other employment by the attorney due to acceptance of the case;

    e. the customary fee;

    f. whether the fee is fixed or contingent;

    g. time limitations imposed by the client or the circumstances;

    h. the amount involved and the results obtained;

    i. the experience, reputation, and ability of the attorneys;

    j. the "undesirability" of the case;

    k. the nature and length of the professional relationship with the client; and

    l. awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber* 577 F.2d at 226 n.28; *Anderson*, 658 F.2d at 248 n.2.

12. We submit the following lodestar analysis in support of its request for allowance of fees and disbursements:

    a. **The time and labor required.** The amount of time required to represent the Debtor for loss mitigation was fair based upon the complexity and sensitivity of the negotiations that occurred over an extended period of time.

    b. **Novelty and difficulty of the questions**. While this matter was not entirely novel, all bankruptcy matters are novel in that they require individual attention to the specific fact patterns which can vary significantly and impact on the outcome.

    c. **The skill requisite to perform the legal service properly.** Because of the experience of Debtor's counsel in handling matters of this nature, and ability to negotiate a reasonable loan modification, we were able to perform the requisite services properly and effectively.

    d. **The preclusion of other employment by the firm due to acceptance of this case.** While this case has not presented a direct time-commitment conflict with other matters handled by the undersigned, it has taken a significant amount of the limited time available to counsel, diverting attention from other matters in which the Firm may have otherwise been involved.

    e. **The customary fee for similar work**. I submit that the fees sought herein are warranted, and are no greater than typical competitor practitioners in the local legal market for attorneys with comparable skill and experience with comparable practices.

    f. **Whether the fee is fixed or contingent.** The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by the Debtor are subject to approval of this Court, and thus are, to an extent, contingent.

g. **Time limitations imposed by the client or circumstances.** Because of the nature of this Bankruptcy proceeding, we have been compelled to render legal services, in some instances, under time constraints.

h. **The amounts involved and the results obtained.** My firm has diligently represented the Debtor(s) in their chapter 13 case and has been successful in achieving a desirable result.

i. **Experience, reputation and ability of the attorney**. I have practiced law in myriad capacities for over 30 years and have been the principal attorney of the Firm, for approximately six years. The Firm has broad experience representing clients in loss mitigation in the Southern and Eastern Districts of New York. I submit to the Court the proposition that the hourly rates charged by the Firm are commensurate with the rates charged by other experienced practitioners in the New York City metropolitan area.

j. **The "undesirability" of the case.** This case is not undesirable in the opinion of our Firm; however, the outcome of the case was uncertain from the outset due to the vagrancies of loan modification and therefore may be considered high risk for payment.

k. **The nature and length of the firm's professional relationship with the client.** The Firm has been counsel to the Debtor(s) since February 22, 2013, and we have been retained continuously since that date. We have met with the debtor numerous times and have a very good professional relationship with the debtor. We have been sensitive to the debtor's needs to work out a viable arrangement so they could stay in his home.

**WHEREFORE**, the undersigned, respectfully requests that the Court enter an Order approving payment of additional compensation as an administrative expense in the amount of $3,000 for non-base

legal fees in addition to the base legal fee of $3,000 to be paid from Debtor's Chapter 13 Plan and that

applicant have such other and further relief as the Court may deem just and proper.

Dated: Harrison, NY
June 18, 2015

                                        BRONSON LAW OFFICES, P.C.

                                        By: /s/ H. Bruce Bronson
                                        H. Bruce Bronson (HB 3263)
                                        Bronson Law Offices, P.C.
                                        480 Mamaroneck Ave.
                                        Harrison, NY 10580
                                        Telephone: 877-385-7793
                                        Fax: 888-908-6906